ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JESSILU ÁLVAREZ MARRERO<br><br>Parte Recurrida<br><br>v.<br><br>AGUSTIN GUERRA<br><br>Parte Peticionaria | KLCE202301358 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: SJL2842023-03838<br><br>Sobre: LEY 284 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

El 4 de diciembre de 2023, el señor Agustín Guerra instó una ***Moción en Auxilio de Jurisdicción*** solicitando la paralización de una vista de orden de protección que se celebraría el 8 de diciembre de 2023, al amparo del Artículo 6 de la Ley Núm. 284 del 21 de agosto de 1999, mejor conocida como Ley contra el Acecho en Puerto Rico. Ese mismo día mediante Resolución, concedimos a la señora Álvarez Marrero un término a vencer el 6 de diciembre de 2023, para que expresara su posición en cuanto al auxilio. Sin embargo, ella no compareció. Así las cosas, evaluada la solicitud del auxilio y sus fundamentos, este tribunal la declara **no ha lugar**.

En igual fecha el señor Agustín Guerra presentó una petición de *certiorari*. En apretada síntesis, solicitó que revisáramos una resolución que declaró "no ha lugar por el momento" la citación de un testigo indispensable para su defensa. Centró sus fundamentos en el Derecho Constitucional, al argüir que **todo acusado** tiene derecho a obtener la comparecencia compulsoria de testigos a su

favor. Lo anterior, mientras se dilucida ante el Tribunal Municipal una solicitud de orden de protección al amparo del Artículo 6 la Ley Núm. 284, *supra.* Según el expediente apelativo, resulta pertinente señalar, que el proceso que enfrenta el señor Guerra es uno de **naturaleza civil** que fue incoado por la señora Álvarez Marrero, sin la intervención del Ministerio Público. Conforme al contenido de *certiorari* y los documentos adjuntos, este Tribunal decide abstenerse de ejercer su jurisdicción.

El auto de *certiorari,* se define como un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las decisiones de un tribunal inferior. 32 LPRA sec. 3491; 800 *Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). A su vez, posibilita atender determinaciones, mayormente interlocutorias, que no son finales del foro de origen. *Yumac Home v. Empresas Massó*, 194 DPR 96, 106 (2015). En esencia, este mecanismo procesal permite al foro revisor corregir algún error cometido por el tribunal de menor jerarquía. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). El referido recurso es uno de carácter discrecional. Esta discreción ha sido definida jurisprudencialmente "como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Al momento en que el tribunal intermedio decide no expedir el auto solicitado, no asume jurisdicción sobre el asunto y su denegación **nada dispone acerca de los méritos de lo planteado**. *Torres González v. Zaragoza Meléndez*, Res. 12 de abril de 2023, 2023 TSPR 46, citando a *Negrón v. Srio de Justicia, supra*, a la página 93. Es decir, nuestra abstención de intervenir no limita que en su día se puedan atender las controversias en un recurso de apelación.

Por tanto, al amparo del sentido de la prudencia, deferencia al manejo de sala del foro primario y conforme a los criterios reglamentarios aplicables[1], es que procedemos a denegar el auto de *certiorari* presentado.

## II.

Por los fundamentos que anteceden, se deniega el recurso de *certiorari* presentado.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Rivera Marchand respetuosamente concurre por entender que en la presente causa de índole civil, no se desprende que se haya acreditado cumplimiento fehaciente de la Regla 40 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 40. Añádase a ello que, de una revisión de la determinación recurrida, resulta evidente que el foro primario consignó "no ha lugar por el momento", por lo que queda pendiente el petitorio ante su consideración. De ahí colegimos que no nos encontramos en la etapa procesal adecuada para intervenir en la causa instada.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA AP. XXII-B, R. 40. Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1